## In re STANDARD GAS & ELECTRIC CO.
### No. 1204.

District Court, D. Delaware.
April 8, 1944.

Howard Duane, of Wilmington, Del., and H. Preston Coursen, of New York City, for Victor Emanuel.

William H. Foulk, of Wilmington, Del., and William H. Button, Francis J. Quillinan, Sidney R. Nussenfeld, and Leonard Cohen, all of New York City, for trustee.

MARIS, Circuit Judge.

In this proceeding for the reorganization of Standard Gas and Electric Company under Section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207, this court on November 26, 1937, appointed Daniel O. Hastings as special trustee of certain causes of action of the debtor with authority to prosecute the same on behalf of the debtor. On March 5, 1938, a plan of reorganization was confirmed and a final decree was entered August 2, 1938, terminating and closing the proceedings except as to certain matters over which the court reserved jurisdiction. Among these matters were the causes of action to which I have referred.

On May 21, 1940, this court granted to the special trustee leave to proceed with examinations pursuant to Section 21, sub. a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 44, sub. a, concerning the acts, conduct or property of the debtor and appointed a special master for the purpose of conducting such examinations. Thereafter upon application of the special trustee a subpoena duces tecum was issued, directed to Standard Power and Light Corporation, and was served. Standard Power and Light Corporation moved to vacate the order and to quash the subpoena. This court in an opinion filed August 5, 1940, held that a Section 21, sub. a examination was in order in this case and denied the motion.

Nothing further was done, however, until March 4, 1944, when upon petition of the special trustee, I ordered the clerk to issue a subpoena or subpoena duces tecum directed to certain persons named in the order, including Victor Emanuel. It appears that a subpoena duces tecum directed to Emanuel was issued by the clerk pursuant to this order on March 7, 1944, and that service of it was accepted by counsel for Emanuel at 420 Lexington Avenue, New York City, N. Y., a point more than 100 miles from Wilmington where the subpoena was returnable. Emanuel has moved to vacate the subpoena and quash the service thereof. His principal contention is that the service of the subpoena upon him outside the District of Delaware and more than 100 miles from Wilmington was not authorized by law.

Section 21, sub. a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 44, sub. a, provides:

"The court may, upon application of any officer, bankrupt, or creditor, by order require any designated persons, including the bankrupt and his or her spouse, to appear before the court or before the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt * * *."

Section 7, sub. a, 11 U.S.C.A. § 25, sub. a, provides, inter alia:

"The bankrupt shall (1) attend at the first meeting of his creditors, at the hearing upon objections, if any, to his application for a discharge and at such other times as the court shall order; * * * (10) at the first meeting of his creditors, at the hearing upon objections, if any, to his discharge and at such other times as the court shall order, submit to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and, in addition, all matters which may affect the administration and settlement of his estate or the granting of his discharge; * * * Provided, however, That when the bankrupt is required to attend for examination, except at the first meeting and at the hearing upon objections, if any, to his discharge, he shall be paid actual and necessary traveling expenses for any distance in excess of one hundred miles from his place of residence at the date of bankruptcy: And provided further, That the court may for cause shown, and upon such terms and conditions as the court may impose, permit the bankrupt to be examined at such place as the court may direct whether within or without the district in which the proceedings are pending; * * *."

Subdivision k of Section 77B, 11 U.S.C. A. § 207, sub. k, provided:

"* * * All other provisions of this Act, except such as are inconsistent with the provisions of this section 77B, shall apply to proceedings instituted under this section, whether or not an order to liquidate the estate has been entered. For the purposes of such application, provisions relating to 'bankrupts' shall be deemed to

relate also to 'debtors'; 'bankruptcy proceedings' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this section; the date of the order approving the petition or answer under this section shall be taken to be the date of adjudication, and such order shall have the same consequences and effect as an order of adjudication." [1]

█ The provisions of the Bankruptcy Act referred to in the earlier part of subdivision (k) are sections 22, 40, 44, 48, 55, 57, 58, 63, 64, 65 and 70, 11 U.S.C.A. §§ 45, 68, 72, 76, 91, 93, 94, 103–105, 110. It is thus clear by the express terms of the subdivision that the provisions of sections 21, sub. a, and 7, sub. a of the Bankruptcy Act with regard to the examination of bankrupts apply to debtors in reorganization proceedings under Section 77B. The same is true as to Section 7, sub. b, which, as we shall see, makes it the duty of the officers and directors of a bankrupt corporation to perform the bankrupt's duties under the act.

█ In considering the duty of a bankrupt or debtor (and of its officers and directors, if a corporation) to submit to an examination concerning its acts, conduct or property Sections 7, sub. a, and 21, sub. a, must be read together. Cameron v. United States, 1914, 231 U.S. 710, 718, 34 S.Ct. 244, 58 L.Ed. 448. It is true that Section 21, sub. a, contemplates the examination of others than the bankrupt but so far as it authorizes the court to order an examination of the bankrupt himself the section refers to the same special examination which Section 7, sub. a makes it the duty of the bankrupt to attend. It follows, therefore, that the examination under Section 21, sub. a, for which the subpoena here under attack was issued is an examination which Section 7, sub. a, makes it the duty of the debtor to attend.

Section 7, sub. b of the Bankruptcy Act, as amended, 11 U.S.C.A. § 25, sub. b, provides:

"Where the bankrupt is a corporation, its officers, the members of its board of directors or trustees or of other similar controlling bodies, its stockholders or members, or such of them as may be designated by the court, shall perform the duties imposed upon the bankrupt by this act."

█ Emanuel is and for a number of years has been an officer and director of the debtor. Accordingly it is his duty under Section 7, if summoned by the court, to attend the examination ordered by the court under Section 21, sub. a. The extent of that duty, as respects attendance from a distance, is outlined in Section 7, sub. a. By the express terms of clause (10) of Section 7, sub. a, it is clear that the court is authorized to summon a debtor (or its officer or director, if a corporation) to the examination from a greater distance than 100 miles and is not restricted to the judicial district. This being so, the provisions of Civil Procedure Rule 45(e) (1), 28 U.S.C. A. following section 723c, restricting the service of a subpoena to places not more than 100 miles from the place of hearing is not applicable since that rule was made applicable to bankruptcy proceedings by General Order 37, 11 U.S.C.A. following section 53, only so far as is not inconsistent with the Bankruptcy Act and since the rule itself contains the express exception that service may be authorized at any other place "when a statute of the United States provides therefor." I conclude that service of the subpoena upon Emanuel in New York and more than 100 miles from Wilmington was authorized by the Act.

█ Emanuel next contends that an examination under Section 21, sub. a, is not authorized by the Act in a reorganization proceeding under Section 77B in which a reorganization plan has been approved, confirmed and carried out. This same contention was before Judge Nields of this court in this case in 1940 and in his opinion filed August 4, 1940 and already referred to, he held that the present examination under Section 21, sub. a, was authorized by the Bankruptcy Act in this proceeding at its present stage. To that ruling I adhere. The reorganization proceeding here has not fully and finally terminated but is still pending so far as the debtor's causes of action entrusted to the special trustee for prosecution are concerned. In re Paramount Publix Corporation, 2 Cir., 1936, 82 F.2d 230; see In re Eastern Utilities Investing Corporation, 3 Cir., 1938, 98 F.2d 620.

█ Finally Emanuel contends that the examination proposed to be made pursuant to the subpoena directed to him is not

---

[1] To the same effect see section 102 of Chapter X, 11 U.S.C.A. § 502.

within the terms of the order entered by this court on May 21, 1940, authorizing the examination to be made. This contention cannot be sustained. The order referred to was entered upon a petition by the special trustee which did, it is true, refer particularly to an action which he had instituted in the Supreme Court of New York upon certain of the causes of action which this court had directed him to prosecute. It stated, however, that the examination was needed not only "In connection with his investigation and enforcement of said causes of action" but also "otherwise in the performance of his duties with respect to the property vested in him." Moreover the prayer of the petition was for a general examination. I do not construe the order of May 21, 1940 as in any way limited to an examination merely of such matters as are germane to the suit in New York. On the contrary it is the intention of the court that the special trustee shall proceed with such examinations concerning the acts, conduct and property of the debtor as he deems appropriate to aid him in carrying out the trust which the court has imposed upon him.

The motion is denied.