**In the Matter of D. D. MISTROT,**
**Alleged Bankrupt.**
**No. 2451.**

United States District Court
S. D. Texas, Houston Division.

Dec. 1, 1956.

Ross, Banks & May (David L. May), Houston, Tex., for petitioning creditors.

Seymour Lieberman, Houston, Tex., for D. D. Mistrot.

KENNERLY, District Judge.

This is an involuntary proceeding in bankruptcy, brought by certain of the creditors of D. D. Mistrot, of this District and Division, to have him adjudged a bankrupt. Mistrot was *cited by publication on July 26, 1956,* to appear and plead, etc., on *August 10, 1956.* He did neither and was adjudged a bankrupt on *August 13, 1956.* The case was referred to the Referee in Bankruptcy. On September 26, 1956, Mistrot entered his appearance herein, moved to set aside the Order of Adjudication and to dismiss these proceedings against him. Also he answered the petition filed against him. This is a hearing on his motion to set aside Order of Adjudication under Local District Court Rule 25.

1. The Record shows that Mistrot was cited by publication under and in accordance with Section 41, sub. a, Title 11 U.S.C.A., and under Section 1655, Title 28 U.S.C.A.

Section 41, sub. a, Title 11 U.S.C.A., provides that when it becomes necessary to cite by publication a person against whom an involuntary petition in bankruptcy has been filed (I quote)—

"then notice shall be given by publication in the same manner as provided by law for notice by publication in suits to enforce a legal or equitable lien in courts of the United States, except that, unless the court shall otherwise direct, the order shall be published only once and the return day shall be five days after such publication."

424

Section 1655, Title 28 U.S.C.A., which fixes the manner of service in civil actions to enforce legal or equitable liens in a Federal Court provides that when personal service is not practicable there may be notice by publication, etc. In the last paragraph of Section 1655, it is provided that (I quote, italics mine)—

*"Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just."*

There is no contention here that the procedure provided for in Section 41, sub. a, Title 11 U.S.C.A., and/or in Section 1655, Title 28 U.S.C.A. are in any way invalid. Mistrot contends that since he entered his appearance herein within one year after the date of such adjudication he is, under Section 1655, entitled to have the adjudication against him set aside. This, creditors dispute. They say that the Congress in making provision for service by publication in bankruptcy proceedings did not intend to adopt the above italicized portion of Section 1655 allowing one cited by publication to have one year in which to answer, etc.

Mistrot cites no authorities. Creditors cite Collier on Bankruptcy 64, 18–31, Note 23; Hills v. F. D. McKinniss Co., D.C., 188 F. 1012, 1013. I am cited

to no cases, and know of no case directly in point. My conclusion is that Mistrot had, under Section 1655, one year after the date he was adjudged a bankrupt to enter his appearance, etc. And having entered his appearance in one year, in fact in approximately fifty days after the date of such adjudication, he is entitled to have such adjudication set aside.

2. Petitioning creditors in applying for an order for service of process by publication do not give any reason why previously issued process had not been personally served on Mistrot. It is not claimed that he was not in this District, nor that he was evading service of process.

In his motion to set aside such Order of Adjudication Mistrot says that he "was available for service in this District" [1] and that "he was not personally notified" of the suit. And Mistrot not only entered his appearance and filed a motion to set aside such adjudication, but filed a motion to dismiss, and also filed an answer, all of which will be considered and construed together. In his Motion to Dismiss and in his Answer, Mistrot makes claims and contentions upon which he is entitled to be heard, and I think should be heard.

Let an order be drawn and presented setting the Order of Adjudication aside, and requiring Mistrot to pay all costs of court.

The Clerk will file this opinion.

---

[1] I quote Paragraphs I and II of such Motion to Set Aside the Adjudication:
"I. D. D. Mistrot states that an involuntary petition in bankruptcy was filed against him on the 24th day of June, 1956, and that while he was available for service in the above judicial district, nevertheless service by publication was obtained against him on the 18th day of July, 1956, which was less than one year from the date of this appearance.
"II. D. D. Mistrot further states and alleges that he was not personally notified, nor was process served on him personally within one year since final judgment for adjudication was rendered against him."