**In the Matter of BELL REFRIGERA-TION CORP., Debtor.**

**No. 80500.**

United States District Court
N. D. Ohio, E. D.
Dec. 31, 1958.

Joseph L. Newman, Harry Hobbs, Cleveland, Ohio, for debtor and Ernest W. Farr.

Wells & Marks, Albert J. Sanders, Cleveland, Ohio, for objecting creditors.

WEICK, District Judge.

This proceeding is before the Court to review an order of the Referee in Bankruptcy refusing to quash service of subpoena on Ernest W. Farr.

Ernest W. Farr was an officer and the principal stockholder of the Bell Refrigeration Corp. at the time an involuntary petition in bankruptcy was filed against it. Subsequently he sold his entire holdings in the company, resigned his office and moved to St. Petersburg, Florida.

The corporation filed for an Arrangement under Chapter XI of the Bankruptcy Act which was approved by a majority of creditors. Certain creditors objected to the confirmation of said Arrangement. At the hearing on the objections the presence of Ernest W. Farr was requested by the objecting creditors and a subpoena was thereupon issued.

Service of subpoena was made on Farr in St. Petersburg, Florida. A motion filed to quash service was denied by the Honorable Wm. B. Woods, Referee in Bankruptcy of this Court.

Findings of Fact and Conclusions of Law were filed by the Referee in entering his order. It is to finding of fact No. 3 and conclusion of law No. 5 that respondent's claims of error are directed. In challenging the conclusion of law respondent questions the legality of the Referee's order, while its propriety is brought in issue in the attack on the finding of fact.

Respondent contends that Rule 45(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is controlling in this matter, and that under its mandates Ernest W. Farr cannot be subjected to subpoena, residing out of this District and more than 100 miles from the place of hearing.

■■ This position is not well-taken. The Federal Rules of Civil Procedure apply in bankruptcy proceedings only in those instances where their provisions are not inconsistent with the Bankruptcy Act. In re Totem Lodge & Country Club, D.C.N.Y.1955, 134 F.Supp. 158. Here, the provisions of Rule 45(e) are inconsistent with Section 7, sub. a(10) of the Bankruptcy Act [11 U.S.C.A. § 25]. Hence, Section 7 of the Bankruptcy Act is controlling. In re Standard Gas & Electric Co., D.C.Del.1944, 54 F.Supp. 752. Under Section 7 Ernest W. Farr is subject to process issuing from this Court, so long as he is paid his actual and necessary travelling expenses for any distance in excess of 100 miles from his place of residence. This has been done. Therefore, there was no error in law in refusing to quash service of subpoena.

The question remains whether an error in fact was committed in ordering Ernest W. Farr to appear.

■ Respondent contends that cause must be shown under Section 7, sub. a (10) in order that Farr be compelled to attend, and that his testimony is unnecessary in that all questions have been answered fully by other witnesses. This contention is incorrect in both regards.

That portion of Section 7, sub. a(10) referring to "for cause shown" relates to the discretion vested in the Court to permit the examination of a bankrupt at a place within or without the district in which the proceedings ar pending—it does not control the procedure incident to initially compelling the bankrupt's appearance.

■■ As to the finding of the necessity of Ernest W. Farr's testimony, that is a finding of fact not to be disturbed unless clearly erroneous. The record supports this finding.

Horace Farr, present treasurer of Bell Refrigeration, was unable to give clear and definite answers to many questions put to him. The transactions about which he was uncertain were in the main those which Ernest W. Farr had handled during his association with Bell Refrigeration. Ernest W. Farr's testimony is thus necessary to clear up the uncertainty created by the testimony of Horace Farr.

■ A latent issue, touched on by counsel but not strongly pressed, is whether Ernest W. Farr is within the scope of Section 7, sub. b of the Bankruptcy Act, in order that he may be summoned under the provision of Section 7, sub. a.

Section 7, sub. b provides that where the bankrupt is a corporation its officers, members of the board of directors or trustees or stockholders are to perform the duties of the bankrupt. One of these duties is to attend meetings, such as the one in question.

At the present time, Ernest W. Farr has ostensibly completely severed his connections with Bell Refrigeration. However, at the time the petition was filed he was an officer, the controlling stockholder and from what appears in the record exercised control and discretion in the conduct of the firm's business.

The Court of Appeals for the Second Circuit has stated:

"A common sense interpretation of the statute [Section 7(b)] according to its intent would avoid reading into it an exclusion of those fiduciaries, only lately retired, who have the most direct knowledge of the matters as to which information is required." Greene v. Harris, 1957, 240 F.2d 275, 276.

I concur in this theory. If such a view were not adopted it would be possible for officers of a bankrupt corporation to avoid testifying by the simple device of severing connections with the corporation just prior to bankruptcy. If this stratagem were allowed to stand the creditors would be deprived of the opportunity to discover many material facts.

Finally, the record shows that Ernest W. Farr is not objecting to testifying entirely, but wishes his testimony taken in Florida by way of deposition.

It is here that the provision of Section 7, sub. a(10) concerning cause, to which respondent has alluded, is material. The Court has the power to order examination by deposition as requested, but only "for cause shown". Obviously, the Referee was of the opinion that cause had not been shown, and the record fails to disclose any valid reason why Ernest W. Farr should not come here to testify.

The order of the Referee is, therefore, approved.