**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Eugene J. MATELICH, Defendant-Appellant.**

**No. 72-2541.**

United States Court of Appeals, Ninth Circuit.

Feb. 20, 1973.

Shelton C. Williams (argued), of. Worden, Thane, Haines & Williams, Missoula, Mont., for defendant-appellant.

R. E. Murray, Jr., Asst. U. S. Atty. (argued), Otis L. Packwood, U. S. Atty., Butte, Mont., for plaintiff-appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and KELLEHER,* District Judge.

PER CURIAM:

Matelich appeals from his conviction after trial by jury of two counts, which were treated as one crime, of concealment of assets from a trustee in bankruptcy in violation of 18 U.S.C. § 152.

Appellant raises seven contentions, of which only two, alleging prejudicial error in admitting government's exhibits, have any substance. One such exhibit is a portion of the transcript of appellant's testimony at a bankruptcy hearing held on April 5, 1971, almost a year before the indictment of appellant. The other is a portion of a written F.B.I. report summarizing an F.B.I. interview with the appellant held on January 17, 1972.

It was error to receive in evidence any portion of the transcript of appellant's bankruptcy testimony. The record reveals that on April 5, 1971, an asset hearing was held before a part-time referee in bankruptcy. Title 11 U.S.C. § 25(a)(10) provides:

" . . . at the first meeting of his creditors, at the hearing upon objections, if any, to his discharge and at such other times *as the court shall order* [the bankrupt shall] submit to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and in addition all matters which may affect the administration and settlement of his estate or the granting of his discharge; *but no testimony, or any evidence which is directly or indirectly derived from such testimony, given by him shall be offered in evidence against him in any criminal proceeding; except such testimony as may be given by him in the hearing upon objections to his discharge. . . .*" [italics added]

Although the record is not wholly clear, it does appear that the testimony of appellant at the April 5, 1971, hearing was given pursuant to the order of the referee in bankruptcy; thus, its admission into evidence was improper.

F.B.I. Special Agent Servel testified as to the substance of an oral interview he had with appellant using a typed statement to refresh his recollection. He testified that he had dictated the statement from notes made during the interview with appellant. Appellant objected to the admission of the exhibit on the grounds that the statement was the agent's recollection of a conversation about which he had just testified and that the statement was irrelevant. The trial court judge sustained that objection. Subsequently, after appellee's cross-examination of appellant, the agent's statement was re-offered in evidence. Appellant renewed his objection on the grounds of irrelevancy, but the trial court admitted a portion of that statement.

The record is unclear as to the grounds for objection other than relevancy. Ap-

---

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

pellee asserts that the admitted portion of the agent's statement was used to impeach appellant's cross-examination testimony. However, the statement was not admitted for any such limited purpose. While the statement could have been used for this purpose if properly utilized, it has no independent evidentiary value. It is not, as the Government characterized it, "the statement as given to Mr. Servel." The statement is nothing more than the agent's recollections of his interview with appellant. Although appellant's objections were ill stated and perhaps technically inappropriate, their substance was that the statement has no independent evidentiary value. On this basis and over this objection, the admission of a portion of the agent's statement was error. See United States v. Albanese, 224 F.2d 879 (2d Cir. 1955); 3 Wigmore, Evidence § 763 (Chadbourn rev. 1970).

■ Appellant's primary defense was that he did not conceal assets within the meaning of 18 U.S.C. § 152. Standing alone, the effect of the improperly received exhibits might not have constituted prejudicial error. But, when considered together, the effect of the inadmissible evidence must be considered prejudicial. In essence, appellant's defense rested upon his credibility. Both inadmissible exhibits tended to impeach appellant. Indeed, the statement of the F.B.I. agent may have been accepted by the jury as substantive proof. This court cannot know what evidence influenced the jury, but it is celar that some jury members might have been persuaded to find appellant guilty on the basis of the documentary evidence which was inadmissible. See Leahy v. United States, 272 F.2d 487, 488 (9th Cir. 1959), cert. granted, 363 U.S. 810, 80 S.Ct. 1246, 4 L.Ed.2d 1152 (1960), cert. dismissed, 364 U.S. 945, 81 S.Ct. 465, 5 L.Ed.2d 459 (1961).

Reversed and remanded for a new trial.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of