**In the Matter of Philip J. Goldberg, Bankrupt-Appellant.**

**Philip J. GOLDBERG, Bankrupt-Appellant,**

v.

**Sidney B. WEINER et al., Creditors-Appellees.**

**Nos. 72-1379, 72-2373.**

United States Court of Appeals, Ninth Circuit.

June 29, 1973.

---

Lawrence A. Diamant (argued), Gilbert Robinson, of Robinson & Wolas, Los Angeles, Cal., Fred R. Esser, of Corbet & Esser, Phoenix, Ariz., for bankrupt-appellant.

Jeffrey B. Smith (argued), Jay M. Martinez, of O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears,

Paul A. White, Sheldon Mitchell, Phoenix, Ariz., for creditors-appellees.

Before BROWNING and GOODWIN, Circuit Judges, and CONTI, District Judge.*

## OPINION

PER CURIAM:

Appellant Goldberg appeals from two orders entered against him in an involuntary bankruptcy proceeding. One denied his motion to dismiss the proceedings; the other held him in contempt for refusing to answer questions at an examination ordered under section 21(a) of the Bankruptcy Act, 11 U.S.C. § 44(a).

I

The involuntary petition was filed on October 8, 1970, in the United States District Court, Phoenix, Arizona. Appellant could not be found within the jurisdiction. The court therefore ordered service of process by publication as provided in 11 U.S.C. § 41(a). A notice was published on several dates in the Arizona Weekly Gazette. A copy of the notice and the petition in bankruptcy were left with appellant's wife at an apartment leased by appellant in Beverly Hills, California. Appellant did not respond. On the basis of a showing by creditors of purported acts of bankruptcy and insolvency, the court adjudicated appellant a bankrupt on February 22, 1971.

On May 3, 1971, an order for Examination of Bankrupt was issued pursuant to section 21(a) of the Act, 11 U.S.C. § 44(a), and personally served on appellant in Los Angeles County. The date set for the examination was May 24, 1971. Fred Esser, identifying himself as appellant's attorney "on another matter," appeared on that date and requested a continuance. The examination was continued until June 22, 1971.

On June 21 appellant moved to dismiss the proceedings. The sole ground

* Honorable Samuel Conti, United States District Judge, Northern District of California, sitting by designation.

asserted was that the district court for Arizona lacked jurisdiction under 11 U. S.C. § 11(a)(1), because appellant had not had his principal place of business, resided, or had his domicile within the district for the preceding six months, or for a longer portion of the preceding six months than in any other jurisdiction. The referee entered an order denying the motion. The district court affirmed. Appellant appealed.

Appellant has abandoned the contention that in view of 11 U.S.C. § 11(a)(1) jurisdiction was lacking because appellant did not have his principal place of business, residence, or domicile in the District of Arizona during the six months preceding filing of the petition [1] —the only challenge to jurisdiction advanced below.

■ 11 U.S.C. § 41(a) authorizes service by publication in appropriate circumstances. The bankruptcy court could obtain personal jurisdiction over appellant by this means (*see* Stegeman v. United States, 425 F.2d 984, 987 n. 4 (9th Cir. 1970) (*in banc*); Bookey v. King, 236 F.2d 871, 877 (9th Cir. 1956)), and purported to do so.

The only challenge appellant now raises to the adequacy of the publication is one of form: the published subpoena was addressed "To Clerk of the District Court" rather than to appellant.

We note that the subpoena also bore the heading, in boldface type, "In the matter of Phillip J. Goldberg Alleged Bankrupt"; and that recitals in the body of the subpoena (*e. g.*, "if you fail to [appear], you may be adjudged a bankrupt by default") obviously were not directed to the Clerk.

■■ In any event, we need not and do not consider appellant's contentions on the merits. This is an appropriate case for application of the general rule that matters not raised below will not be considered on appeal. Questions relating to service of process do not affect the fundamental validity of a judicial proceeding, at least where, as here, the party has actual notice of a proceeding in time to preserve his rights.[2]

On the same ground we decline to consider appellant's contention, not raised below, that there was insufficient proof of an act of bankruptcy.

The order denying the motion to dismiss is affirmed.

## II

■ At the section 21(a) examination appellant refused to answer a number of questions, claiming his Fifth Amendment privilege. The referee ordered him to answer; he refused. The referee certified the transcript to the district court. The district court found

---

1. Appellant conceded on oral argument that 11 U.S.C. § 11(a)(1) relates to venue rather than to jurisdiction. *See* In re Martinez, 241 F.2d 345, 346–349 (10th Cir. 1957); 1 Collier on Bankruptcy § 2.14, pp. 198–201 (14th ed.).

2. As we have noted, in October 1970, prior to publication or adjudication, a copy of the petition and the subpoena were left with appellant's wife at an apartment leased in appellant's name. In addition, an order directing appellant to file schedules and a statement of affairs was served on appellant on February 24, 1971, two days after the adjudication of bankruptcy. On March 3, 1971, an attorney acting for appellant acknowledged receipt of the order. On May 22 appellant was personally served with the order to appear for examination. As appellant himself points out, under 28 U.S.C. § 1655, he could have appeared at any time within a year of the default adjudication of bankruptcy on February 22, 1971, had the default judgment set aside, and pleaded any available defenses, including the absence of an act of bankruptcy, a defense he now seeks to raise for the first time in this appeal.

Citing In re Mistrot, 147 F.Supp. 423, 424 (S.D.Tex.1956), aff'd sub nom. Hollywood Youths v. Mistrot, 246 F.2d 399, 400 (5th Cir. 1957), appellant also argues that in view of the final paragraph of 28 U.S.C. § 1655, the referee was required to set side the adjudication of bankruptcy when appellant filed his motion to dismiss. Appellant did not request such relief. Section 1655 does not impose an affirmative duty upon the referee to act *sua sponte;* a debtor might not wish to have the adjudication set aside.

appellant in contempt. Appellant appealed.

Appellees' position is that appellant could not refuse to testify on Fifth Amendment grounds because the immunity granted by section 7(a)(10) of the Bankruptcy Act, 11 U.S.C. § 25(a)(10),[3] is "coextensive with the [Fifth Amendment] privilege and [sufficient] to supplant it." Kastigar v. United States, 406 U.S. 441, 462, 92 S.Ct. 1653, 1666, 32 L.Ed.2d 212 (1972). This is the holding in United States v. Seiffert, 463 F.2d 1089, 1091 (5th Cir. 1972).

Appellant contends that for various reasons the immunity granted by section 7(a)(10) is not as broad as that granted by 18 U.S.C. § 6002, considered in *Kastigar,* and is not coextensive with the privilege.

Appellant notes that 18 U.S.C. § 6002 bars use of the compelled testimony in a "criminal *case*" whereas section 7(a)(10) uses the term "criminal *proceeding.*" We see no significant difference, and the legislative history indicates that the language used in section 7(a)(10) was intended to grant immunity in conformity with the immunity provided in section 6002. H.R.Rep. No. 91–1188, 91st Cong., 2d Sess. 14 (1970).

In a more elaborate argument, appellant suggests that the closing clause of section 7(a)(10), admittedly not found in 18 U.S.C. § 6002, provides a means by which testimony compelled in a section 21(a) examination might be freed from the immunity bar of section 7(a)(10) and used against the bankrupt in a subsequent criminal proceeding. The clause referred to excludes from immunity "such testimony as may be given by him in the hearing upon objections to his discharge." As appellant points out, the hearing on objections to discharge is not

a "criminal proceeding," and nothing in section 7(a)(10) would prevent the use at that hearing of testimony of the bankrupt compelled at the section 21(a) examination. Because of the final clause of section 7(a)(10), the argument runs, such testimony would then be excepted from the immunity granted by section 7(a)(10) and could be used against appellant in a later criminal proceeding.

The exclusionary clause of section 7(a)(10) is limited to "testimony . . . given in the hearing upon objections to his discharge." In view of the obvious purpose of the statutory scheme, this would not encompass a transcript of a bankrupt's testimony given at a different hearing at which he had been compelled to testify under a statutory promise of immunity.

Appellant suggests that the immunity granted by section 7(a)(10) is limited to answers to questions that are within the scope of examination authorized by the section.[4] Appellant argues that testimony erroneously compelled outside the proper scope of the examination could be used against the bankrupt in subsequent criminal proceedings.

The statute provides that "no testimony" given by the bankrupt shall be used in subsequent criminal proceedings, not merely "relevant" testimony, or only testimony within the proper scope of examination authorized by statute.

Appellant argues that section 7(a)(10) does not apply to the examination of the bankrupt under section 21(a). We see no reason why such an examination does not fall within the class of examinations held "at such other times as the court shall order," referred to in section 7(a)(10).

Finally, appellant argues that even if the immunity granted by section 7(a)

---

3. As amended in 1970, the relevant portion of § 7(a)(10) reads: "No testimony, or any evidence which is directly or indirectly derived from such testimony, given by [a bankrupt] shall be offered in evidence against him in any criminal proceeding, except such testimony as may be given by him in the hearing upon objections to his discharge."

4. Section 7(a)(10) authorizes "an examination [of the bankrupt] concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind. and whereabouts of his property, and, in addition, all matters which may affect the administration and settlement of his estate or the granting of his discharge."

(10) is coextensive with his Fifth Amendment privilege, Congress intended to permit the bankrupt to retain the options of claiming his privilege and refusing to testify. He relies primarily upon the presence in 18 U.S.C. § 6002 and absence from section 7(a)(10) of language stating that the witness may not refuse to testify on the basis of his privilege. He also points out that Congress imposed strict conditions upon compelling testimony and granting immunity under 18 U.S.C. § 6002 (*see* 18 U.S.C. § 6003), and suggests that it is unlikely that Congress intended to abrogate the privilege without these safeguards in the bankruptcy context.

We agree with appellee that other provisions of the Bankruptcy Act demonstrate that Congress intended to require the bankrupt to testify to the extent that he could be legally required to do so, 11 U.S.C. §§ 25(a), 44(a), 69(a)(4), and that, after *Kastigar,* the Fifth Amendment is no bar to the compulsion of immunized testimony.

Appellant's claim that he was denied due process in his contempt hearing lacks substance.

The order holding appellant in contempt is affirmed.