**UNITED STATES of America, Plaintiff,**

v.

**Howard COYNE, Defendant.**

**No. CR–74–70.**

United States District Court,
W. D. New York.

Jan. 14, 1977.

Richard J. Arcara, U.S. Atty., Buffalo, N.Y. (William M. Skretny, First Asst. U.S. Atty., Buffalo, N.Y., of counsel), for the Government.

Robert P. Freedman, Buffalo, N.Y., for defendant.

CURTIN, Chief Judge.

The defendant in this case has been charged in a thirteen-count indictment. Counts I through VI of the indictment charge the defendant with substantive violations of Title 18, United States Code, Section 152, in that he defrauded creditors by unlawfully transferring and concealing property of the Sleep Shops Corporation, the bankrupt. Counts VII through XII charge the defendant with knowingly and fraudulently making a false oath as to a material matter in the bankruptcy proceeding in the filing of various schedules relating to it, also in violation of § 152. Count XIII charges the defendant with conspiracy in violation of the same section.

Defendant has moved, pursuant to a claimed grant of immunity under 11 U.S.C. § 25(a)(10) [Bankruptcy Act of 1970,

§ 7(a)(10)], to suppress the use of his testimony given at the first meeting of creditors. Previously, the defendant moved to dismiss the indictment on the grounds that the Government had improperly used this same testimony in presenting evidence to the grand jury. This motion was denied on November 6, 1974.

The statutory language upon which the defendant relies reads, in pertinent part, as follows:

(a) The bankrupt shall . . .
(10) at the first meeting of his creditors, at the hearing upon objections, if any, to his discharge and at such other times as the court shall order, submit to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and, in addition, all matters which may affect the administration and settlement of his estate or the granting of his discharge; *but no testimony, or any evidence which is directly or indirectly derived from such testimony, given by him shall be offered in evidence against him in any criminal proceeding, except such testimony as may be given by him in the hearing upon objections to his discharge:*

. . . . .

(b) Where the bankrupt is a corporation, its officers, the members of its board of directors or trustees or of other similar controlling bodies, its stockholders or members, or such of them as may be designated by the court, shall perform the duties imposed upon the bankrupt by this title.

11 U.S.C. § 25(a), (b). (Emphasis added).

The defendant contends that this statutory grant of immunity is automatic and that the Government has the burden of establishing that it made no use or derivative use of the testimony in question. There is support for the proposition that § 25(a)(10) provides an automatic immunity grant. *See* Keeney & Serino, *The Effect of the Organized Crime Control Act of 1970 in*

*Bankruptcy Proceedings,* 46 Am.Bankr.L.J. 1, 10 (Jan. 1972), in which the authors state:

Under the bankruptcy immunity the bankrupt receives an *automatic* grant for any *testimony* (and leads) given by him at a hearing which he was directed to attend. There is no prerequisite, to the conferring of immunity, that a *claim* be made by the witness that the answer will tend to incriminate and a refusal to answer on that basis. (Emphasis in original).[1]

In this case, however, we are dealing not only with § 25(a)(10), but with subsection (b) as well. Prior to 1938, it was unclear whether *a corporate officer could claim the protection of (a)10.* In that year, the Congress amended the statute by adding (b), thus clearing up part of the confusion. *See United States v. Castellana,* 349 F.2d 264, 273 (2d Cir. 1965), *cert. denied,* 383 U.S. 928, 86 S.Ct. 934, 15 L.Ed.2d 847 (1966). The remaining uncertainty, which is critical to a determination in this case, is the meaning of the word "designated" in subsection (b).

The Second Circuit, in *Castellana,* stated:

As we read the cases, a meaningful distinction, rooted in the statutory language, should be drawn between the corporate officer who testifies voluntarily, and thus cannot claim the privilege, and the one who, having been *directed* to appear by the bankruptcy court, has thereby been "designated by the court [to] perform the duties imposed upon the bankrupt by this title."
*United States v. Castellana, supra,* 349 F.2d at 273 (emphasis in original).

Later, in the same opinion, the court further emphasized the interaction of subsections (a) and (b):

. . . Section 7, sub. b, in merely stating who may be designated to perform the duties imposed upon a corporate bankrupt, makes no explicit reference to extension of the Section 7, sub. a(10) privilege. Thus, we believe that Section 7, sub. b cannot be read in a vacuum and must be considered in the light of Section 7, sub. a as conferring immunity *only if the director or shareholder is specifically designated to perform the bankrupt's duties.*
*United States v. Castellana, supra,* 349 F.2d at 274 (emphasis added).

Surprisingly, the case law on § 25(b) "designations" is sparse. In a case which involved the scope of the immunity afforded under a prior version of the statute,[2] the designation question was alluded to in these words:

Apparently, Dornau had been *designated* under § 7(b) . . . as one of the corporate officers *required* to perform the duties of the bankrupt and appeared at the meeting *pursuant to order.*
*United States v. Dornau,* 491 F.2d 473, 476, n. 2 (2d Cir. 1974), *cert. denied,* 419 U.S. 872, 95 S.Ct. 132, 42 L.Ed.2d 111 (1974) (emphasis added).

*See also id.,* at 479, n. 9; *United States v. Matelich,* 474 F.2d 596, 597 (9th Cir. 1973). Other cases have dealt with the refusal of certain witnesses to testify after having been ordered to testify by the Bankruptcy Judge under § a(10), (b). *See Block v. Consino,* 535 F.2d 1165 (9th Cir. 1976); *Goldberg v. Weiner,* 480 F.2d 1067 (9th Cir. 1973); *In re Hoffman Can Corp.,* 373 F.2d 622, 624 (3d Cir. 1967). Whether the immunity grant of § 7(a)(10) is automatic, or whether it requires an affirmative invocation of the fifth amendment or of the statute, has not yet been determined. *United States v. Boyd,* 404 F.Supp. 413, 416 (S.D.N. Y.1975).

It might seem somewhat anomalous that an individual bankrupt would receive automatic immunity under § 25(a)(10), whereas

---

**1.** For a somewhat different view of the statute, *see* McGuire, *Immunity Under the Bankruptcy Act Automatic or Controlled?* 48 Am.Bankr. L.J. 159 (1974).

**2.** In 1970, subsection (a)(10) of the statute was amended to include the words "or any evidence which is directly or indirectly derived from such testimony." Previous to this amendment, no provision was made to prohibit derivative use by the Government of the bankrupt's testimony. *See United States v. Dornau,* 491 F.2d 473, 479–480 (2d Cir. 1974).

a corporate bankrupt's officer or shareholder would not receive immunity under § 25(b) unless the Bankruptcy Judge specifically designates that he act for the bankrupt corporation. *See Castellana, supra,* 349 F.2d at 278 (J. Hays, dissenting). But, as this court reads the majority opinion in *Castellana,* and as it reads the statute itself, this distinction is controlling.

The transcript of the first meeting of creditors reveals only that the following discussion took place:

THE COURT: First Meetings. First matter on the calendar. Sleep Shops Corporation.

Mr. Ginsberg, Mr. Privitera, you are appearing for the Bankrupt?

MR. GINSBERG: Yes.

THE COURT: Is an officer of the Bankrupt present?

MR. GINSBERG: Yes.

THE COURT: All right, please take the stand.

The court then administered the oath, and questioning proceeded. No statutory immunity claim was raised by the defendant's lawyer nor was the fifth amendment asserted. No express designation of Mr. Coyne was made by the Bankruptcy Judge.

It is axiomatic that a corporation can only speak through a living person. Where, as happened here, the Bankruptcy Judge merely asks who is appearing for the bankrupt corporation, and an officer voluntarily takes the stand and testifies, we would be straining language and circumstance to interpret these acts as a "designation" sufficient to confer immunity under § 25(b).

Defendant's motion to suppress his testimony at the first meeting of creditors is therefore denied. The decision of the court, which rests on the finding that the defendant was not designated by the Bankruptcy Judge pursuant to § 25(b), obviates the need for the court to decide whether or not the Government made derivative use of this testimony in its investigation and grand jury presentation.

So ordered.