**In re THC FINANCIAL CORP., a Hawaii Corporation, Debtor.**

No. 76–0493.

United States District Court, D. Hawaii.

Jan. 11, 1978.

Brook Hart, David W. Hall, Honolulu, Hawaii, for THC Financial Corp.

Edward R. Bendet, Bendet & Fidell, Honolulu, Hawaii, for James Peveler.

MEMORANDUM DECISION ON THC FINANCIAL CORPORATION'S APPLICATION TO DESIGNATE A FORMER OFFICER TO PERFORM DUTIES OF BANKRUPT

PENCE, District Judge.

THC Financial Corporation (THCF) is in Chapter X bankruptcy. Its Trustee, J. Carl Osborne, is conducting an investigation into the affairs of THCF pursuant to Chapter X Rule 10–208(a)(4). As part of this investigation an order has been served on James Peveler, a former officer and director of THCF, pursuant to rule 10–213(e) and requiring his examination.

Counsel for the Trustee avers that Mr. Peveler will take the Fifth Amendment during examination when asked questions

about his authority as an officer and director. It is asserted that the information sought is essential to the investigation. Accordingly, the Trustee has filed an application for an order designating Mr. Peveler to perform the duties of the debtor corporation pursuant to Bankruptcy Act § 7(b) and rule 901(6), which duties include submitting to examination under grant of criminal immunity by section 7(a)(10).

If Peveler is given section 7(a)(10) immunity he may not invoke the Fifth Amendment. *Goldberg v. Weiner,* 480 F.2d 1067, 1070 (9th Cir. 1973) (per curiam); *Block v. Consino,* 535 F.2d 1165, 1168 (9th Cir. 1976). If he is designated to perform the duties of the debtor relevant to section 7(a)(10) examination, ipso facto he is granted section 7(a)(10) immunity.

Therefore the only question to be settled is whether Peveler may be properly so designated. Although no opposition to the Trustee's application has been filed, the court is obliged to raise sua sponte this issue as a jurisdictional matter, for if he cannot legally be so designated, the court is without jurisdiction to grant the order applied for.

Section 7(b) and rule 901(6) authorize the court to designate officers and directors, among others, to perform the duties of the bankrupt corporation. Section 7(a)(10) specifies as one of those duties examination regarding business conduct, dealings, cause of bankruptcy, etc. Rule 901(6) specifically makes reference to the necessity of designation for examination where the bankrupt is a corporation.

■ No mention in the above provisions is made of designation of *former* officers and directors. Peveler is a former officer and director. The court concludes that section 7(b) and rule 901(6) permit such designation.

The purpose of these provisions is to find out what occurred to bring the corporation into a bankruptcy condition. If former directors and officers may not be required to testify for the corporation there would almost certainly be large gaps in the information gathered. Where a Chapter X Trustee has been appointed, there normally will in fact be *no* officers and directors still serving as such, they will *all* be "former." If such "former" fiduciaries could not be required to testify, the provisions in question would be rendered nugatory at the very moment when Congress must have intended that they apply in strictest fashion. Such a result would be absurd; therefore such an interpretation cannot be correct. Bankruptcy law will not be given so limiting a construction as to permit evasion of its purpose. *See Greene v. Harris,* 240 F.2d 275, 276 (2d Cir. 1957), and more particularly *In re THC Financial Corp.,* 446 F.Supp. 1333, Bk.No.76–0493, Memorandum Decision on Randolph Crossley's Motion to Vacate Order Requiring Examination, filed in this court on January 11, 1978.

■ In an application such as this some showing must be made of a reasonable expectation that the would-be designatee should have the information sought by section 7(a)(10). While the present application is not specific, the court is satisfied from oral argument that Peveler was a corporate officer during the critical period under examination, and the time span between termination of his official activities and the corporate bankruptcy is relatively minimal. Further applications of this sort, if any, should make a full showing by affidavit.

THCF's application is GRANTED, as prayed for.