In re BROCKTON IDEAL SHOE CO.

(Circuit Court of Appeals, Second Circuit. November 11, 1912.)

No. 53.

1. BANKRUPTCY (§ 36*)—ORDER FOR FILING OF SCHEDULES—ANCILLARY PROCEEDINGS.

Where an order of a bankruptcy court sitting in Massachusetts directed the treasurer of the bankrupt, who resided in New York, to file schedules, and provided that an ancillary order be obtained from the New York court authorizing service, it was not invalid because it ordered that the service be made on such treasurer without the state of Massachusetts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig., § 36; Dec. Dig. § 36.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 36*)—PROCEEDINGS—ANCILLARY ORDER.

Where bankruptcy proceedings against a corporation were pending in Massachusetts, and the treasurer resided in New York, an order from the federal court in New York, requiring the treasurer to file schedules and authorizing service thereof on him, was not dependent on the validity of a similar order in Massachusetts, providing for servce without the state; the New York being dependent only on sufficient proof to satisfy the court making it that there was reasonable ground for the exercise of its ancillary jurisdiction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 36; Dec. Dig. § 36.*]

3. BANKRUPTCY (§ 28*)—ANCILLARY PROCEEDINGS—FILING SCHEDULES.

Where bankruptcy proceedings were pending against a corporation in Massachusetts, and the treasurer of the corporation, who was cognizant of the bankrupt's affairs, resided in New York, such facts were sufficient to sustain ancillary proceedings in New York, requiring the treasurer to file schedules.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 27; Dec. Dig. § 28.*]

4. BANKRUPTCY (§ 28*)—ANCILLARY PROCEEDINGS—FILING SCHEDULES—CREDITOR'S RIGHT TO SUE.

Where the treasurer of a corporation, the affairs of which were being administered in bankruptcy proceedings in Massachusetts, resided in New York, and the trustee had not taken steps to obtain schedules, a creditor was authorized to institute ancillary proceedings in New York against the treasurer for that purpose.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 27; Dec. Dig. § 28.*]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy; George C. Holt, Judge.

In the matter of bankruptcy proceedings of the Brockton Ideal Shoe Company. Petition of Ignatz Roth to revise an order denying a motion to vacate a prior order and directing the petitioner, as treasurer of the bankrupt corporation, to file schedules as required by the Bankruptcy Act, entered in proceedings ancillary to bankruptcy proceedings pending in the District Court for the District of Massachusetts. Affirmed.

Rosenberg & Lewis, of New York City (J. Rosenberg, of New York City, of counsel), for petitioner.

Lesser Bros., of New York City (W. Lesser, of New York City, of counsel), for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. [1, 2] The first contention of the petitioner is that as the order of the Massachusetts referee requiring the filing of schedules was void, the order of the District Court based thereon was also invalid. We perceive, however, no ground either for the premises or the conclusion. The fact that the Massachusetts order provided that service should be made on the treasurer of the bankrupt corporation outside the state did not invalidate it, especially as it directed an application for an ancillary order authorizing such service.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The order sought to be revised would not be void if the Massachusetts order were invalid because the former was not dependent upon the latter. The Massachusetts order might have been without effect as such and yet, coupled with the other proof, quite sufficient to satisfy the court here that the exercise of its ancillary jurisdiction to obtain the schedules was called for.

[3] The second contention is that there was an abuse of discretion in making the order in question. We think, however, that the court below acted very properly. Roth was the one person who knew all about the affairs of the bankrupt corporation. He should have filed the schedules without any order. There was every reason why he should have been required to do his duty. If he be handicapped by the absence of books he can apply to the court below for consideration.

[4] The additional contention that the ancillary proceedings were invalid because they were instituted by a creditor instead of by the trustees is without foundation. Ordinarily the trustee would be the proper person to set the machinery in motion to obtain the schedules, but in the absence of such action there is no reason why a creditor should not proceed. With respect to proceedings of this kind there is no possibility of a diversity of interests among creditors.

The order of the District Court is affirmed with costs.