## In re BUSH TERMINAL CO.
### Appeal of DOMINICK.
#### No. 226.

Circuit Court of Appeals, Second Circuit.
March 6, 1939.

L. HAND, Circuit Judge, dissenting.

McCanliss & Early, of New York City (Martin Conboy, John Vance Hewitt, and Edward F. Butler, all of New York City, of counsel), for appellant.

Root, Clark, Buckner & Ballantine, of New York City (John M. Harlan, of New York City, of counsel), for appellee C. Walter Randall, as trustee of Bush Terminal Co., debtor.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant is a former stockholder and director of the debtor. He has never been an officer and has been neither a stockholder nor a director since some time in April 1931. On November 17, 1934, a petition for the reorganization of the debtor under Sec. 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, was filed. Those proceedings are still pending. On May 18, 1939, the trustee obtained an ex parte order providing for the examination of certain persons, including this appellant, under both Sec. 7 and Sec. 21 of the Bankruptcy Act, 11 U.S.C.A. §§ 25, 44. The appellant has appealed from that order in accordance with leave granted by this court.

The position the appellant takes is that, although he does not dispute being subject to examination under the provisions of Sec. 21, he may not lawfully be examined under the provisions of Sec. 7.

Section 7 deals with the duties of bankrupts and, while corporate bankrupts must act in the performance of those duties by representatives having authority to perform them for such bankrupts, it does not follow that even those who do act for the bankrupt are to be treated as the bankrupt. For instance, they are not protected under Sec. 7(9). Kaplan v. United States, 2 Cir., 7 F.2d 594; Kolbrenner v. United States, 5 Cir., 11 F.2d 754. This principle was given effect in Ginsberg & Sons, Inc., v. Popkin, 285 U.S. 204, 52 S. Ct. 322, 76 L.Ed. 704, where it was recognized that the president of the bankrupt corporation was not the bankrupt and could not be arrested as such under Sec. 9b, 11 U.S.C.A. § 27(b).

As the bankrupt only is subject to examination under Sec. 7, it follows that one who has no authority to speak for the bankrupt at the time he is required to testify may not be compelled to submit to examination under that section. In Re Paramount Publix Corporation, 2 Cir., 82 F.2d 230, the point here raised was lurking in the background but was ignored because not necessary to the decision which was placed on the ground that a former director could be examined under Sec. 21 as a person having knowledge of material facts.

Nor does the Chandler Act amend Sec. 7 in such a way as to broaden it to include within its scope a former stockholder or director who was neither at the time of the filing of the petition. And where, as in Sec. 158, 11 U.S.C.A. § 558, those were included who formerly occupied, in respect to the bankrupt corporation, one of the positions named appropriate words were used to make that plain.

The order is modified to require the examination of the appellant under Sec. 21 only and as so modified it is affirmed.

L. HAND, Circuit Judge dissents.

L. HAND, Circuit Judge (dissenting).

The order appealed from, authorized "examinations under Section 7 and Section 21". In form, therefore, it may be said to have authorized two examinations, and that the motion to correct it presented a real controversy. I do not think that it did in substance. To strike out the examination under § 7(9), left that under § 21a, and there is no difference that I can find between the scope of the two. True, the language defining them is different, but I am speaking of their actual scope in application. I cannot therefore see any reason for entertaining the motion; it presented a moot question. If there turns out to be any difference between the two examinations, it will be time enough to raise the point when that appears; but, as this record comes to us, I think that the whole discussion is academic, and that we should dismiss the appeal.