In re BUSH TERMINAL CO.
No. 379.

Circuit Court of Appeals, Second Circuit.
June 26, 1939.

Root, Clark, Buckner & Ballantine, of New York City (John M. Harlan, of New York City, of counsel), for appellant.

McCanliss & Early, of New York City (Martin Conboy, John Vance Hewitt, and Edward F. Butler, all of New York City, of counsel), for appellee.

Before SWAN, CLARK, and PATTERSON, Circuit Judges.

PER CURIAM.

The trustee is prosecuting an action in a state court to recover from former directors of the debtor dividends alleged to have been paid out of capital. In aid of this action he desired to examine the appellee, a former director, under section 21a of the Bankruptcy Act, 11 U.S.C.A. § 44 (a), and such an examination was authorized by an order which received the sanction of this court upon a prior appeal. In re Bush Terminal Co., 2 Cir., 102 F.2d 471. In the course of the examination the witness was asked to answer questions with respect to the participation of his firm in certain financing of the debtor prior to his becoming a director, to state whether certain circulars, correspondence and financial statements relating to such financing had come to his attention, and to produce copies of reports, memoranda and analyses regarding the affairs of the debtor which had been prepared by his firm. Upon advice of counsel he refused to answer such questions or to produce such documents, and his position was sustained by the district judge on the ground that the scope of the examination under section 21a must be limited to acts done and knowledge acquired by the witness as a director of the debtor.

In so limiting the examination we think the court erred. The trustee's cause of action is an asset of the estate; therefore an examination directed to develop facts in support of the cause of action concerns "property of the bankrupt." In re Paramount Publix Corp., 2 Cir., 82 F.2d 230, 233. The knowledge of the appellee with respect to the financial condition of the corporation at the times when he voted as a director for the dividends is relevant to the issue of his liability; and it matters not whether he obtained such knowledge from the corporation in his capacity as a director or otherwise, or obtained it from sources other than the corporation, such as the excluded memoranda. See In re Insull Utility Investments, D.C., 27 F.Supp. 887. Nor is it material that by proceeding under section 21a the trustee may be able to obtain a broader examination before trial than he could get under state court procedure. We need not and do not pass upon the propriety of each individual question which was excluded, but we have indicated the general type of examination permitted, which is all that the appellant has asked.

[5] In our opinion the order sought to be reviewed is appealable. See People's Bank of Buffalo v. Brown, 3 Cir., 112 F. 652.

Order reversed.