Martin GREENE, Trustee of Ralph Jaeger, Inc., Bankrupt, Petitioner-Appellee,

v.

John J. HARRIS, Respondent-Appellant.

No. 124, Docket 24243.

United States Court of Appeals Second Circuit.

Submitted Jan. 11, 1957.

Decided Jan. 24, 1957.

Alexander H. Rockmore, New York City, for petitioner-appellee.

James V. Altieri, of Altieri & Schwartz, New York City, for respondent-appellant.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

CLARK, Chief Judge.

The respondent Harris here appeals from an order confirming a bankruptcy referee's order directing him to file schedules in bankruptcy and a statement of affairs of Ralph Jaeger, Inc. He concedes that for a period of approximately seven or eight weeks from April 20, 1954, he "acted solely as de facto president" of Ralph Jaeger, Inc., which was adjudged a bankrupt on July 16, 1954. The

bankrupt was a commercial art studio, and Harris was in the printing business. Harris does not challenge the referee's findings which show that in April 1954 he came into the bankrupt's business on a financial reorganization and then ran the financial end of the business, although the formal steps to signalize these changes were never completed. But he was authorized to draw checks on the corporate accounts and did draw such checks; in fact, he "was undoubtedly acting as if he were president." So the referee directed that both he and Ralph Jaeger, who had remained active, should prepare the schedules and statement of affairs required of the bankrupt under § 7 of the Bankruptcy Act, 11 U.S.C. § 25. Respondent's sole defense is that on the referee's findings he ceased to be president sometime between June 20 and June 30, i. e., at least two weeks before the bankruptcy.

Before the Chandler Act this court had held that a bankrupt's treasurer could be ordered to file the schedules. In re Brockton Ideal Shoe Co., 2 Cir., 200 F. 745, 747. This principle was incorporated into the Act by the Chandler amendments in 1938 which added subdivision b to supplement § 7a, wherein are set forth the general obligations of a bankrupt to file schedules of his property and creditors and a statement of his affairs. This new provision is as follows:

"(b) Where the bankrupt is a corporation, its officers, the members of its board of directors or trustees or of other similar controlling bodies, its stockholders or members, or such of them as may be designated by the court, shall perform the duties imposed upon the bankrupt by this title." 11 U.S.C. § 25(b).

The general language and wide scope of this provision would suggest that it is designed to reach the officers or fiduciaries of a bankrupt corporation, all of whom have a quite positive duty "to aid the honest administration of the estate in all its aspects." Goldie v. Cox, 8 Cir., 130 F.2d 695, 708. Nothing in the provision or its background suggests that it should be construed so narrowly as to allow of evasion of its salutary purpose by the patent device of resignation just prior to bankruptcy. It is to be noted that the Official Form for the bankrupt's Statement of Affairs requires answers to inquiries covering a considerable period of time, notably a year as to repayment of loans, assignment of accounts, losses, and personal loans and withdrawals. See paragraphs 1, 10, 11, 12, 13, and 14 of Form 3, 11 U.S.C. foll. § 53. A commonsense interpretation of the statute according to its intent would avoid reading into it an exclusion of those fiduciaries, only lately retired, who have the most direct knowledge of the matters as to which information is required.

Respondent relies on a dictum uttered by the majority in In re Bush Terminal Co., 2 Cir., 102 F.2d 471, to the effect that the new subdivision b did not broaden the statute so as to include within its scope a former stockholder or director, "who is neither at the time of the filing of the petition." But clearly he reads too much into these words. The dispute which divided the court there was whether a former director and stockholder of a debtor in reorganization, but who had ceased to be such more than three years and a half before the petition, could be examined under both § 7 and § 21 of the Bankruptcy Act, 11 U.S.C. §§ 25, 44. The majority, with Judge L. Hand dissenting, held that he could be examined only under the latter section, i.e., not as an officer. This case, as pointed out by Judge Hand in United States v. Weissman, 2 Cir., 219 F.2d 837, 841, "did not concern anyone who had been 'designated by the court' to perform the bankrupt's duties." In any event, the substantial difference in the time intervals removes all persuasiveness from the claimed analogy. See also Herlands, J., in In re Totem Lodge & Country Club, Inc., D.C.S.D. N.Y., 134 F.Supp. 158, 161, 162.

Affirmed.