In the Matter of Ancillary Proceedings of
**EQUITABLE PLAN COMPANY.**
**No. 26010.**

United States Court of Appeals
Second Circuit.

Motions Argued Nov. 9, 1959.

Decided Nov. 24, 1959.

___

2. See, for instance, Harris v. Pennsylvania R. Co., 80 S.Ct. 22.

Leo B. Mittelman, New York City, for appellant, F. Patrick Dawson.

Thacher, Proffitt, Prizer, Crawley & Wood, New York City, for appellee, Murray Ferguson, Trustee in Reorganization of Equitable Plan Co.

Before SWAN, MAGRUDER * and LUMBARD, Circuit Judges.

## PER CURIAM.

The appellant, Mr. Dawson, is a resident of Edmonton, Province of Alberta, Canada, who voluntarily came to New York to testify as a witness in the Chapter X Bankruptcy proceeding of Swan-Finch Oil Corporation. At the conclusion of his testimony in that proceeding (adjourned *sine die*) he was served with a subpoena procured by the Trustee in Reorganization of Equitable Plan Company to appear as a witness in the Ancillary Proceedings pending in the Southern District of New York, pursuant to section 167 of the Bankruptcy Act, 11 U.S.C.A. § 567. By an order entered on October 27, 1959, Judge Weinfeld denied a motion to quash the subpoena and directed Mr. Dawson to appear for examination before a referee in bankruptcy on November 12, 1959. This is the order appealed from.

We consider first appellee's motion to dismiss the appeal. The order is interlocutory but "in proceedings in bankruptcy, either interlocutory or final," the courts of appeal are invested with appellate jurisdiction by section 24, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 47, sub. a. It is true that some interlocutory orders which decide merely procedural matters are held to be non-appealable despite the broad language of section 47(a). See In re Hotel Governor Clinton, 2 Cir., 107 F.2d 398 (an order referring issues raised by the pleadings to a special master for hearing and report); see also discussion by Professor Moore in Collier on Bankruptcy, 14th ed. Par. 24.39. We do not consider the present order one of that character. The testimony to be taken may affect the ultimate outcome of the Chapter X proceeding, and we think that the witness is entitled to have the question of his claimed immunity reviewed without having to wait until he has been adjudged in contempt for disobeying the order. Cf. In re Manufacturers Trading Corp., 6 Cir., 194 F.2d 948. That a witness may appeal an order denying his motion to quash a subpoena is the view expressed in Collier on Bankruptcy, 14th ed. Par. 24.16. Judge Miller's dissent at page 959 in the Manufacturers case cited above, also takes that view. In our own circuit, In re Bush Terminal Co., 2 Cir., 105 F.2d 156, holds an order made in a section 21, sub. a, 11 U.S.C.A. § 41, sub. a, examination of a witness to be appealable by the trustee. The appellee's motion to dismiss the appeal is denied. We also deny the alternative motion to affirm the order summarily. In refusing to quash the subpoena Judge Weinfeld relied upon Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720. The applicability of that case is not so clear as to justify affirmance without argument. Both parties are directed to file their briefs and have the case set for hearing at an early date.

The appellant's moving papers were not received by the court until November 20, 1959. Mr. Dawson was to appear before the referee on November 12. It is possible that his examination has already been concluded and the matter of

---

* Judge Calvert Magruder of the First Circuit, sitting by designation.

a stay has become moot. If the examination has not been concluded, a stay of its continuation is granted pending determination of the appeal.