In the Matter of **COMMONWEALTH FINANCIAL CORPORATION and its subsidiaries, Neighborhood Finance Co., Inc. and Neighborhood Finance Co., Inc. of Pennsylvania, Debtors.**

No. 39108.

United States District Court
E. D. Pennsylvania.
Aug. 19, 1968.

Leon S. Forman, Wexler, Mulder & Weisman, Philadelphia, Pa., for trustees.

Alexander Adelman, Sidney Chait, Adelman & Lavine, Marcus Manoff, Dil-

worth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa., for Morise Thal.

Edwin H. Nordlinger, Richard V. Bandler, Securities & Exchange Commission, New York City.

I. Grant Irey, Jr., Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Bank Lenders Committee.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

On July 11, 1968, 288 F.Supp. 786, I denied a motion by Petitioner Morise Thal, former president and chief operating officer of the debtor corporations, seeking a protective order. At that time his petition essentially alleged *inter alia* that concurrent investigations by the Trustees under Section 167 of the Bankruptcy Act, 11 U.S.C. § 567, with participation by the Securities and Exchange Commission, *and* by the S.E.C. pursuant to the Securities Acts of 1933 and 1934 [1], would amount to the deprivation of his 5th Amendment privilege against self-incrimination.

The petitioner has now applied for a stay of any Section 167 action by the Trustees, pending appeal of the July 11th decision.

I am denying the application for a stay pending appeal, as premature. Until the petitioner indicates precisely what questions or areas of inquiry are considered protected by the 5th Amendment, or in some other way is prejudicial, any review of my July 11th decision (which merely directed the petitioner to be deposed) would be tantamount to an advisory opinion.

The procedure of requiring the petitioner to appear for a Section 167 deposition, and then either to answer the questions propounded by the trustees, or to invoke whatever privilege he deems appropriate, is certainly no idle gesture, as he would ask us to believe. On the contrary, this process would crystallize the actual area or areas of inquiry at issue, thereby enabling a reviewing court to render a decision precisely on point, rather than on some theoretical or conceptual basis.

I recognize that there is a split of authority regarding the appealability of the controversy in its present posture. In re Equitable Plan Company, 272 F.2d 158 (2nd Cir., 1959) would lend support to the petitioner's contention, while. In re Manufacturers Trading Corp., 194 F.2d 948 (6th Cir., 1952) would indicate the contrary.[2] Since both cases are factualy distinguishable to some extent, the decision in the instant case is principally based upon the analysis of the posture of the dispute, as set forth in my July 11th Opinion.

In so holding, it is not the intent of this Court to unnecessarily subject the petitioner to possible contempt proceedings. However, the mere imminence or possibility that contempt actions may ultimately develop, does not in itself persuade me to favorably consider the application for a stay pending appeal. If contempt proceedings result from what is clearly the more orderly ajudication of the substantive issues involved, then this is a risk which the petitioner must be prepared to take, after careful consultation with his most adequate and competent counsel.

Finally, there can be no serious dispute over the appealability of this *type* of controversy. See In re Imperial "400" National, Inc., 391 F.2d 163 (3rd Cir., 1968); In re Winton Shirt Corp., 104 F.2d 777 (3rd Cir., 1939); In re Eastern Utilities Investing Corp., 98 F.2d 620 (3rd Cir., 1938). The question is

---

1. Section 20 of the Securities Act of 1933, 15 U.S.C. § 77t(a), and Section 21(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(b).

2. See also Carolina Mills, Inc. v. Corry, 206 F.2d 76 (4th Cir., 1953).

whether the dispute, in its present posture, is sufficiently crystallized to permit a complete and dispositive adjudication of the precise issues. I do not think so. It is inconceivable that the petitioner will consider each and every question propounded by the trustees to be objectionable.

For the aforementioned reasons, and the basis set forth in my July 11th decision, the application for a stay pending appeal is denied.

It is so ordered.