In re THC FINANCIAL CORP., a Hawaii Corporation, Debtor.

No. 76–0493.

United States District Court, D. Hawaii.

Jan. 11, 1978.

Brook Hart, David W. Hall, Hart, Leavitt, Hall & Hunt, Honolulu, Hawaii, for Trustee in Reorganization of THC Financial Corp.

Paul E. Maki, Honolulu, Hawaii, for Randolph Crossley.

## MEMORANDUM DECISION * ON RANDOLPH CROSSLEY'S MOTION TO VACATE ORDER REQUIRING EXAMINATION

PENCE, District Judge.

This is a motion to vacate this court's Order of November 18, 1977, requiring Randolph Crossley, the movant-witness herein and now a resident of California, to submit to examination in Hawaii. The motion is denied for the reasons set forth in this decision.

The relevant procedural history of this case is as follows. On December 6, 1976, an involuntary petition in bankruptcy was filed against THC Financial Corporation (the Debtor). Thereafter, on December 16, 1976, the Debtor filed a petition for relief under Chapter XI of the Bankruptcy Act. On that same date, this court appointed J. Carl Osborne as receiver for the Debtor's estate. By Order dated March 18, 1977, this court granted a motion by the Securities and Exchange Commission to have this case proceed under Chapter X of the Bankruptcy Act and appointed Mr. Osborne as trustee.

Pursuant to Bankruptcy Chapter X Rule 10–208(a)(4), 11 U.S.C. Rule 10–208(a)(4), the Trustee has been investigating the acts and conduct of directors, officers and employees of the Debtor in order to determine whether there had been any fraud, misconduct, mismanagement and irregularities on the part of the directors, officers and employees and in order to determine whether any causes of action are available to the Estate. As part of this investigation and pursuant to Bankruptcy Chapter X Rule 10–213(e), 11 U.S.C. Rule 10–213(e), the Trustee obtained from this court on November 18, 1977 an Order requiring Randolph Crossley to appear in Honolulu on December 5, 1977 to be examined on the affairs of the Debtor during the years 1972 through 1976 when Mr. Crossley was a director of the Debtor and Chief Executive Officer and Chairman of the Board of the Debtor's parent, The Hawaii Corporation.

The question to be determined is whether those fiduciaries who are no longer in positions of authority or control of the Debtor, but who have the most direct knowledge of the matters as to which information is required may be examined pursuant to the provisions of rule 10–213(e).

Rule 10–213(e) provides a special exception to the usual place of examination rules, as follows:

(e) *Place of Examination of Debtor*

Without issuing a subpoena, the court may for cause shown and on such terms as it may impose order an officer, member of the board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control of the debtor to be examined under this rule at any place it designates, whether within or without the district wherein the case is pending.

The Advisory Committee's Note to rule 10–213(e) explains that rule 10–213(e) does not limit the right of a trustee to examine a witness pursuant to a subpoena within the county in which he is served or within 40 miles of the place of service, as is required by Bankruptcy Chapter X Rule 10–213(d), 11 U.S.C. Rule 10–213(d), but instead serves as an extension of rule 10–213(d) applicable only to those "within the definition of a corporate debtor." As noted

* This written decision incorporates, by reference, and follows that made orally at the hearing on this matter held on November 29, 1977.

by Collier in his treatise on bankruptcy, "[t]he effect of subdivision (e) is to make the debtor's officers, directors and controlling stockholders available for examination at any place which the court may designate," and "[this] power is substantially broader than the territorial limits of a subpoena . . ." 13A *Collier on Bankruptcy* ¶ 10–213.14 (14th ed. 1977). Thus it appears that the purpose of rule 10–213(e) is to make fiduciaries of a debtor more readily available for examination because of their intimate knowledge of and involvement with the debtor.

The position that Crossley takes is that rule 10–213(e) applies only to persons presently in positions of authority or control of a debtor. And since Crossley resigned on January 31, 1976, some 11 months prior to the filing of the petition in reorganization, this court's Order of November 18, 1977, requiring him to travel from California to Hawaii in order to be examined on the affairs of the Debtor was granted in error, according to Crossley.

Crossley relies on the case of *In re Bush Terminal Co.,* 102 F.2d 471 (2d Cir. 1939), in support of this contention. *Bush Terminal* involved an interpretation of section 7 of the Bankruptcy Act, the statute from which rule 10–213(e) is derived. In *Bush Terminal* the appellant was a former director and stockholder of the debtor corporation, although he had not been an officer and was neither a director or stockholder since 1931. In 1934 a petition in reorganization was filed under section 77B of the Bankruptcy Act, and while these proceedings were pending in 1939, the trustee obtained an order providing for an examination under Section 7. The appellant did not dispute being subject to the usual examination rule, rule 21 of the Bankruptcy Act, but he maintained that inasmuch as he resigned 3 years prior to the filing of the petition in reorganization, he could not lawfully be examined under section 7.

Emphasizing that section 7 deals with the duties of a bankrupt and therefore a bank-

rupt only is subject to examination under section 7, the court held that one who has no authority to speak for the debtor at the time he is requested to testify may not be compelled to submit to an examination under section 7. Thus, the court found that section 7 applies only to persons presently in control of the debtor. Crossley urges a similar construction of rule 10–213(e).

The Chapter X rules, promulgated by the U. S. Supreme Court, became effective in August 1975, long after the *Bush Terminal* decision. Rule 10–208 delineates the statutory duties of a trustee in a Chapter X proceeding. One of the primary duties of a trustee is to conduct a thorough and complete investigation into the affairs of the debtor! Rule 10–208(a)(4) provides for such an investigation:

> (a) *Trustee.* A trustee shall . . . (4) investigate the acts, conduct, liabilities and financial condition of the debtor, the operation of its business and the desirability of the continuance thereof, and any other matter relevant to the case or to the formulation of a plan.

In addition, rule 10–208(a)(6) provides that "if the court so authorizes, [the trustee may] examine the directors and officers of the debtor and any other witnesses concerning the foregoing matters."

Rule 10–213 implements the duty to investigate prescribed in rules 10–208(a)(4) and (6) by setting forth the specific provisions on examination of witnesses. Rule 10–213(e) aids the trustee in effectuating his investigation mandated under rule 10–208(a)(4) by giving the trustee special powers to examine fiduciaries of the debtor without the necessity for the issuance of a subpoena and at any place which the court designates. The purpose of rule 10–213(e) is to enable the trustee to conduct his investigation as quickly, economically and thoroughly as possible. It stands to reason, therefore, that rule 10–213(e) must be read to apply to all directors and officers who have intimate knowledge of the debtor's affairs so as to give effect to the Rule's

important and fundamental purpose. Rule 10–213(e), when construed liberally so that its provisions apply to all directors and officers, expedites the trustee's investigation by requiring persons who were intimately involved with the conduct of the debtor to be examined pursuant to its terms. Any other interpretation of the Rule would mandate reading into it an exclusion of former directors and officers who have the most direct knowledge of the matters as to which information is required.

This court is of the opinion that the principle announced in *Bush Terminal* should not be extended beyond the facts and narrow legal issues of that case. If rule 10–213(e) were to have the limited construction as Crossley insists and *Bush Terminal* would appear to give it, the Rule would have very little application in Chapter X proceedings, for once a Chapter X petition is approved by the court, the board of directors cease to function and the officers are either discharged or become but employees of the trustee. For instance in the case of the Debtor here, it has no directors or officers at this time. The limited application of rule 10–213(e) which Crossley urges would nullify the rule in practically all Chapter X cases insofar as examination of directors and officers is concerned.

In *Greene v. Harris,* 240 F.2d 275 (2d Cir. 1957), the same court that decided *Bush Terminal* 18 years earlier, criticized *Bush Terminal*'s narrow reading of section 7 and held that an officer who resigned from the debtor about 8 weeks prior to the filing of the petition in reorganization was required to perform certain section 7 duties. The court observed:

> Nothing in the provision or its background suggests that it should be construed so narrowly as to allow of evasion of its salutary purpose by the patent device of resignation just prior to bankruptcy. . . . A common sense interpretation of the statute according to its intent would avoid reading into it an exclusion of those fiduciaries, only lately retired, who have the most direct knowledge of the matters as to which information is required. 240 F.2d at 276.

■ While the facts of *Greene* are not on all fours with the facts here, *Greene* makes clear that section 7 cannot be given such a limited construction as to allow evasion of the purpose for which the statute was enacted. Similarly, when rule 10–213(e) is read in the context of the Chapter X rules, particularly the provisions relating to the duty of a trustee to conduct a thorough investigation into the affairs of the debtor, it becomes manifest that the Rule must apply to all fiduciaries who have the most direct knowledge of the matters as to which information is clearly required, regardless of whether or not they are holding positions of authority or control within the debtor, while the debtor is being administered as a bankrupt.

■ The Trustee maintains that during the years when Crossley was a director of the Debtor, he personally participated in the making of loans involving large sums of money which were never collected, which contributed to the insolvency of the Debtor. The Trustee further maintains that during this same period of time, Crossley was a *de facto* officer of the Debtor, insofar as he participated in the daily operations of the Debtor. Crossley was also one of several directors and officers of The Hawaii Corporation, whose approval was required for the making of the Debtor's loans. In short the Trustee asserts that Crossley was not only a fiduciary of the Debtor who was most familiar with many of the transactions which brought about the demise of the Debtor, but was also responsible for initiating many of these same transactions and policies.

It is thus apparent to this court that Crossley was one of the fiduciaries of the Debtor who has the most direct knowledge of the matters as to which information is required. Accordingly, for the foregoing reasons, Crossley is subject to examination under rule 10–213(e).

Crossley's motion to vacate this court's Order of November 18, 1977 is therefore DENIED.