In the Matters of RON SAN REALTY COMPANY, INC., La Staiti Associates, Inc., La Baron Hairdressing Academy, Inc., Syracuse Beauty School, Inc., Jo An School of Beauty Culture, Inc., V. V. N., Inc., Bankrupts.

Henry SUVAL, Plaintiff Appellant,

v.

John BONOMI, Special Counsel, Defendant Appellee.

Nos. 73 B 1051, 73 B 1052, 73 B 1056, 73 B 1062, 73 B 1063 and 73 B 1066.

United States District Court, S. D. New York.

Oct. 11, 1978.

Garrity, Connolly, Lewis & Grimes by James Lawrence Garrity and William R. Grimes, New York City, for appellant Suval.

John G. Bonomi, New York City, Sp. Counsel to the Trustee.

Bernard Jay Coven, New York City, for Bankrupts.

Hahn, Hessen, Margolis & Ryan, New York City, for Creditors Committee.

## OPINION

MacMAHON, District Judge.

Appellant Henry Suval appeals, pursuant to 11 U.S.C. § 67, from an order of Hon. John J. Galgay, Bankruptcy Judge, designating appellant to perform the duties imposed on the bankrupt La Staiti Associates, Inc. (La Staiti) by 11 U.S.C. § 25(a).[1] The order was based on Judge Galgay's finding, made after a three-day hearing, that Suval was a "person in control"[2] of the bankrupt within the meaning of Rule 901(6)[3] of the Rules of Bankruptcy Procedure. Having made such a finding, Judge Galgay was authorized to designate Suval to testify for the bankrupt at a hearing to be held under Rule 205.[4] Appellant contends that Judge Galgay's finding that Suval was a "person in control" was erroneous.

Some facts are not controverted. La Staiti operated approximately twenty-five beauty parlors and schools in New England and New York. Appellant was employed from June 1973 to March 1976 by La Staiti's parent company, Allvend Industries, Inc., as a bookkeeper with a title of Assistant Controller. In 1973, appellant was asked to do some work at La Staiti but was never on the company payroll as an employee.

In reviewing the findings of a Bankruptcy Judge, we must "accept the referee's

1. Title 11, United States Code, Section 25(a) provides in pertinent part:

    "(a) The bankrupt shall . . . submit to an examination . . . but no testimony . . . given by him shall be offered in evidence against him in any criminal proceeding . . . ."

    The purpose of the designation was apparently to prevent appellant from invoking his constitutional privilege against self-incrimination in response to questioning about an alleged defalcation of money from the bankrupt's estate. Appellee's theory is that the grant of immunity by 11 U.S.C. § 25(a) bars invocation of the privilege.

2. Bankruptcy Judge Galgay's memorandum and order dated March 30, 1978 found:

    "Suval was never officially appointed as an officer or director of the bankrupt companies. However, testimony as to the scope of his activities at hearings held in this court

necessitate my finding that Suval was a 'person in control' of the bankrupt corporations. Suval signed checks, was involved in the preparation of financial statements and did the hiring and firing for the bankrupts. All of the business records were in Suval's control."

3. Rule 901(6) of the Rules of Bankruptcy Procedure provides in pertinent part:

    "(6) 'Bankrupt.' [W]hen it is necessary to compel attendance of a bankrupt for examination and . . . (A) if the bankrupt is a corporation, 'bankrupt' includes, if designated by the court, any . . . person in control . . . ."

4. Rule 205 of the Rules of Bankruptcy Procedure provides in pertinent part:

    "(a) Examination on Application. Upon application of any party in interest, the court may order the examination of any person."

findings of fact unless they are clearly erroneous"[5] and "give due regard to the opportunity of the referee to judge of the credibility of the witnesses."[6]

First, Edward Weiss, chairman of the boards of La Staiti and its parent, testified that appellant's responsibility over the affairs of La Staiti included the hiring and firing of personnel, opening and closing of salon locations, negotiation of leases, signing of contracts, preparation of financial statements, and the signing of checks. Appellant contends that Weiss' testimony contains substantial inconsistencies and falsehoods. Giving due regard to the Bankruptcy Judge's opportunity to observe the witness and to determine his credibility, we cannot say that he erred in crediting the testimony of Weiss.

Second, the employees of La Staiti testified that they regarded appellant as the person in charge. Mr. Walter Scott, a supervisor at La Staiti, testified that appellant had "final say" both as to field and office operations. Miss Naomi Paiva, a secretary, testified that appellant had the "ultimate authority" at La Staiti. Miss Joan Thatcher, a bookkeeper, testified that appellant was "in charge of our office." In addition, all of these witnesses confirmed the testimony of Weiss as to the specific kinds of authority appellant exercised.

In light of this evidence, we cannot say that Judge Galgay's finding that appellant was a person in control was "clearly erroneous." We reject appellant's contention that the finding was based on insufficient evidence. We also reject appellant's implication that the absence of any formal employment relationship between La Staiti and appellant deserves considerable weight.

In *Greene v. Harris*, 240 F.2d 275 (2d Cir. 1957), the court affirmed the designation of a person who had resigned shortly before the bankruptcy petition was filed and thus had no employment relationship with the bankrupt when the petition was filed. Appellant correctly notes that the person designated in *Greene* had conceded that he had been *de facto* president prior to his resignation, whereas appellant makes no such concession. However, we think *Greene* teaches that a person's formal relationship with the bankrupt at the time of filing does not govern designation under 11 U.S.C. § 25.

Since appellant was a person in control of the bankrupt, the Bankruptcy Judge had authority under Rule 901(6) to designate appellant to testify for the bankrupt at an examination.

Appellant urges that the examination should be limited to events prior to the filing of the bankruptcy petition, that appellant's testimony is not needed, and that the unavailability of certain documents would render any examination meaningless. These questions are clearly within the province of the Bankruptcy Judge and, in any event, are not before us.

Accordingly, the order of Judge Galgay designating Henry Suval to perform the bankrupt's duties under 11 U.S.C. § 25 is affirmed.

So ordered.

---

5. Rule 810 of the Rules of Bankruptcy Procedure.

6. *In re Fabric Tree, Inc.*, 558 F.2d 1069 (2d Cir. 1977).