**In re STRATESEC, INC., Debtor.**

No. 04–00696.

United States Bankruptcy Court, District of Columbia.

Aug. 30, 2004.

See also 324 B.R. 156, 2004 WL 3222661.

Emil Hirsch, O'Connor & Hannan, L.L.P., Washington, DC.

Dennis J. Early, Asst. U.S. Trustee, Alexandria, VA.

### DECISION REGARDING APPOINTMENT OF TRUSTEE

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The response of Gerald E. Wedren, receiver, to the court's order to show cause why a trustee ought not be appointed, does not persuade the court that a trustee ought not be appointed. Wedren does not contest that his services as a receiver cannot continue in this bankruptcy case. He

argues that instead of directing the appointment of a trustee, the court should adopt the alternative of appointing him as a responsible officer.

In support of that alternative, Wedren argues that a new trustee would be disruptive and expensive as Wedren is thoroughly familiar with the debtor's operations, but the United States Trustee can consider that in appointing a trustee.

■ Wedren further contends that he has the support of the debtor's largest creditor and of its largest shareholder for his acting as responsible officer. However, Wedren has not alleged that his retention as responsible officer has the consent of all shareholders (or even controlling shareholders), or of the board of directors of the debtor, or of other creditors. The debtor's board of directors perhaps could hire Wedren as an officer to control the debtor in possession's conduct in this case, but it has not done so. The extent of creditor and shareholder support for Wedren's controlling the debtor's estate can be taken into account when the United States Trustee considers who to appoint trustee after canvassing interested parties.[1]

■ Wedren offers no further reason why directing the appointment of a trustee would be less desirable than directing that Wedren act as the debtor's responsible officer. Significantly, Wedren has failed to respond to the court's concern, expressed twice in the order to show cause, regarding subjecting any fiduciary's compensa-

tion to the statutory maximums applicable to a trustee.[2] As the United States Trustee observes, a responsible officer's compensation "would not be subject to the requirements of 11 U.S.C. §§ 330 and 331 requiring notice and court approval." Wedren does not address what his compensation would be if he was appointed "responsible officer."

■ Where, as here, a fiduciary is plainly necessary to take complete control of the debtor's estate, and where the debtor itself has decided against pursuing the powers of a debtor in possession, the Bankruptcy Code generally contemplates that the office of trustee will be employed. *See* 11 U.S.C. §§ 1101(1) (debtor continues as debtor in possession until a trustee is appointed); 1104 (appointment of trustee); and 1107 (debtor in possession has powers, other than right to compensation, and most duties of a trustee). Utilization of the device of a responsible officer ought to be limited to extraordinary circumstances, such as when all sides agree to the appointment. As observed in *In re Gaslight Club, Inc.*, 782 F.2d 767, 772 (7th Cir. 1986), "[w]e would certainly question recourse to the [appointment of a responsible officer] as a means generally to avoid appointment of a trustee."

■ *Gaslight* is the leading case involving appointment of a responsible officer. The unique facts of *Gaslight* distinguish it from this case. There, the person in con-

---

1. Where a trustee is to be appointed to take control of a debtor's estate, 11 U.S.C. § 1104(d) contemplates that the United States Trustee will consult with parties in interest. Because the United States Trustee has not yet canvassed parties in interest, there is no assurance that the views of those parties would persuade him to appoint Wedren as trustee. One creditor, Wirt D. Walker III, has filed a response that accuses Wedren of mismanagement.

2. The order to show cause stated that "[c]ompensation of a trustee is limited to maximum amounts fixed by the Bankruptcy Code, but Wedren's compensation as a receiver would not be" and that "[i]f a fiduciary is necessary, it should be a trustee appointed by the United States Trustee and subject to caps on compensation of trustees as provided by the Bankruptcy Code."

trol of the debtor in possession, the unsecured creditors committee, and the majority and controlling shareholder of the debtor agreed to the appointment of a person to be in ultimate control of the debtor in possession. In contrast, Wedren has served here because he is the receiver in control of the debtor's estate under a receivership order, and because no ruling has yet been issued finding that he ought not continue in possession under 11 U.S.C. § 543(d). Although no creditors committee has been formed, at least one creditor opposes Wedren's being made trustee. Wedren has provided the views of only one creditor and only one shareholder. There is thus no showing of consent on all sides to the responsible officer procedure being employed to retain Wedren in control.[3]

Wedren concedes that his role as receiver ought not continue. In other words, 11 U.S.C. § 543(d) does not apply here to excuse compliance with Wedren's duty under 11 U.S.C. § 543(b)(1) to turn over the debtor's property to the entity entitled to control of the debtor's estate. Wedren has no entitlement to control the debtor's estate, other than his temporary duties as receiver pending turnover. He essentially seeks to remain in control of the debtor's estate with the new label of "responsible officer" by virtue of his status of having been the receiver who filed the bankruptcy case for the debtor (as he has not established that other extraordinary grounds warrant appointment of him as responsible

officer). Continuing Wedren in control in those circumstances would border on a circumvention of 11 U.S.C. §§ 105(b) (barring the appointment of a receiver) and 1104(d) (United States Trustee appoints a trustee only "after consultation with parties in interest"), and on the compensation limitations applicable to a trustee under §§ 330 and 331.

Wedren failed to initiate an inquiry with the court into what role he would play after the filing of the bankruptcy case, thus causing the court to issue an order to show cause in that regard. On the skimpy showing made by his response to the order to show cause, a trustee ought to be appointed. Although Wedren might at some point obtain the board of directors' appointment as the debtor's chief executive to control the debtor in possession's conduct in this chapter 11 case, or might attempt to garner further creditor and shareholder support to present at an evidentiary hearing to attempt to justify appointment as responsible officer, the court will not permit further delay in the resolution of the important issue of who will control the debtor in possession's estate and exercise the powers available to a trustee or debtor in possession.

An order follows directing the appointment of a trustee.

---

**3.** The other cases cited by Wedren are also distinguishable. *See In re Ron San Realty Co., Inc.*, 457 F.Supp. 994 (S.D.N.Y.1978) (case was under chapter VII of the Bankruptcy Act—in which a trustee is automatically appointed—with the court designating an individual to perform duty of the debtor, under what is now F.R. Bankr.P. 9001(5), to perform debtor's duty to testify notwithstanding the lack of formal employment relationship with the debtor); *In re United Press International, Inc.*, 60 B.R. 265 (Bankr.D.C.1986) (facts similar to *Gaslight*); *In re FSC Corp.*, 38 B.R. 346 (Bankr.W.D.Pa.1983) (as discussed in *Gaslight*, the debtor in *FSC* had no board of directors or officers when bankruptcy intervened, and state law authorized bankruptcy court's appointment of a responsible officer. Moreover, the appointment was reported to have the consent of the committee of equity security holders who took no appeal from the order appointing the responsible officer.).