In re **CONTINUUM CARE SERVICES, INC., d/b/a The Family, Debtor.**

No. 07–10749–BKC–JKO.

United States Bankruptcy Court,
S.D. Florida,
Fort Lauderdale Division.

Sept. 10, 2007.

---

Amy D. Harris, Esq., Edward J. Peterson III, Charles A. Postler, Esq., Richard C. Prosser, Esq., Tampa, FL, for Debtor.

*ORDER FINDING ALLEN BOMBART IN CIVIL CONTEMPT AND DIRECTING HIS APPREHENSION BY THE UNITED STATES MARSHAL*

JOHN K. OLSON, Bankruptcy Judge.

THIS CASE is before me on the Debtor's motion [DE 292] seeking the appre-

hension of Allen Bombart pursuant to Federal Rules of Bankruptcy Procedure 2005 for his failure to comply with the Order Granting Motion to Compel Testimony and to Compel Production of Documents [DE 287] entered August 24, 2007. Mr. Bombart, Cowcat Enterprises, Inc., Pathway to Recovery, Inc., AAAB, Inc., and A–1 The Family, Inc.[1] were all directed to produce the documents and electronically stored information within their possession, custody, or control in response to the Subpoenas and Requests for Production served on them by the Debtor on June 22, 2007, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. That Order required that these documents and electronically stored information be delivered to Debtor's Counsel on or before August 28, 2007. A copy of that Order was served on Mr. Bombart as indicated on the Certificate of Service filed by Counsel for Debtor [DE 291]. Mr. Bombart for himself and as sole shareholder, director, and officer of the Affiliates has deliberately and willfully ignored the Order of this Court.

In accordance with Rule 9001 of the Federal Rules of Bankruptcy Procedure, "if the debtor is a corporation, 'debtor' includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control." Fed. R. Bankr.P. 9001(5)(A). This rule permits this court to designate an individual as the person in control of a corporation. "Since the rule is not one of limitation or prohibition, nothing in it indicates that the same controlling officer or shareholder could not be treated in some other capacity much less subjected to a subpoena, the whole point of which is to reach outside the party-line boundaries for evidence and information." *In re Northwest Associates, Inc.*, 2006 Bankr.LEXIS 1636, 17 (Bankr.N.D. Ill. June 30, 2006). Although Mr. Bombart is no longer an officer of the Debtor, having been supplanted as such pursuant to prior order of this Court [DE 78], he is the sole shareholder and director of the Debtor and was its chief executive officer prior to the filing of this involuntary Chapter 11 case. He is thus the person most knowledgeable concerning the acts, conduct, or property of the Debtor and concerning its liabilities and financial condition as of the filing of the involuntary petition on February 6, 2007. Documents in his possession, custody or control and his thorough examination under Rule 2004 are thus essential for the Debtor to be able to conduct this Chapter 11 case.

Even the lack of formal relationship with a corporation would not alone absolve an individual of the responsibilities of a party in control. In *In re Northwest Associates, Inc.*, 245 B.R. 183 (Bankr. E.D.N.Y.1999), consultants who negotiated contracts, hired and fired personnel, prepared financial statements, and signed checks were found to be in control of the debtor despite their lack of formal legal relationship with the debtor. Similarly, in *Greene v. Harris*, 240 F.2d 275 (2d Cir. 1957), the court held that the individual who, for period of seven or eight weeks prior to bankruptcy, acted as *de facto* president of the corporate debtor and who was authorized to and did draw checks on its accounts but ceased to be president at least two weeks before the bankruptcy, was required to file the schedules and statement. Again, in *Matters of Ron San Realty Co., Inc.*, 457 F.Supp. 994 (S.D.N.Y.

---

1. Cowcat Enterprises, Inc., Pathway to Recovery, Inc., AAAB, Inc., and A–1 The Family, Inc. are hereafter collectively referred to as the "Affiliates".

1978), the court concluded that the lack of a formal relationship between the corporate debtor and the plaintiff did not deserve considerable weight in determining whether plaintiff was a person in control of the corporation. It is also well established that it is not the prerogative of the debtor corporation to designate its representative. The court in *In re Muy Bueno Corp.*, 257 B.R. 843 (Bankr.W.D.Tex.2001), in following *Northwest Associates*, cited above, noted that "it is the bankruptcy court that selects the appropriate representative to appear at the meeting, and not the corporate debtor", citing *In re Gaslight Club, Inc.*, 782 F.2d 767, 771 (7th Cir.1986). 257 B.R. at 847–48.

■ It is accordingly clear that the Debtor is fully entitled to take Mr. Bombart's examination under Rule 2004. Debtor attempted to conduct such an examination on July 16, 2007, following a telephone hearing earlier that morning on Mr. Bombart's motion [DE 243] for a protective order. I denied that motion by order [DE 246] and directed that the examination proceed.

Mr. Bombart's conduct at the examination was outrageous. As the transcript of the examination [exhibits to DE 263] made clear, Mr. Bombart was utterly uncooperative to the extent of seizing and removing documents which he had (belatedly) produced at the examination. This conduct led the Debtor to file its motion to compel testimony [DE 263], which was granted in the Order [DE 287] whose enforcement is now sought by the Debtor.

That Order directed Mr. Bombart to do two things: (1) produce documents at the Debtor's counsel's offices on or before August 28, 2007 at 4:00 pm, and (2) appear for an examination under Rule 2004 in open court before me on September 10, 2007 at 3:00 pm. It would of course be difficult, if not impossible, for Debtor's counsel to conduct a meaningful examination without prior review of the documents.

Mr. Bombart was warned in the Order that his failure to timely produce the subpoenaed documents would entitle the Debtor to seek entry of an Order directing his apprehension under Rule 2005 and his confinement until the documents are produced, subject to the time limitations prescribed by 28 U.S.C. § 1826(a).

In light of Mr. Bombart's failure to produce the documents as he had been ordered to do, it is pointless to proceed with the scheduled in-court examination. So that this case may proceed as expeditiously as possible, I shall direct that the examination commence within 14 days after all of the subpoenaed documents have been produced.

Mr. Bombart's failure to comply with the Order [DE 287] was wilful. He is in contempt of this court. He may purge himself of that contempt by producing all of the subpoenaed documents, which encompass both the Affiliates' and the Debtor's documents, by providing full and complete responses to the Debtor's inquiries under Rule 2004, and by reimbursing the estate for the costs incurred by the Debtor's counsel in preparing for and attending the aborted Rule 2004 examination and in bringing the various motions seeking relief from Mr. Bombart's wilful failure to comply with the orders of this court.

Mr. Bombart also appears to be a recalcitrant witness within the meaning of 28 U.S.C. § 1826 and a "debtor" who has violated the terms of this court's orders for examination within the meaning of Rule 2005.

Accordingly, it is hereby **ORDERED:**

1. Allen Bombart of 3577 Stewart Avenue, Coconut Grove, Florida 33133 is hereby *held in civil contempt of this Court.*

2. The United States Marshal is hereby DIRECTED to take Mr. Bombart into custody, hold him and bring him before this Court without unnecessary delay pursuant to Rule 2005 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1826.

3. Upon Mr. Bombart being brought before this Court by the United States Marshal, the Court will consider the assessment of a fine upon Mr. Bombart, or confinement, or both, *provided* that any such confinement shall continue until (a) such time as Mr. Bombart has fully complied with the Order Granting Motion to Compel Testimony and to Compel Production of Documents, or (b) further order of this Court, and *further provided* that no period of confinement pursuant to 28 U.S.C. § 1826 shall exceed the earlier of (a) the closing of this chapter 11 case, or (b) eighteen months.